IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIYANNA MCGHEE,<br><br>                Plaintiff,<br>vs.<br><br>MARTIN O'MALLEY, Commissioner of Social Security;<br>                Defendant. | 4:23CV3163<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Plaintiff's motion for attorney fees in the amount of $4,320.00[1] pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Filing No. 25. This amount consists of a request for 18 hours of attorney work performed in 2024 at an hourly rate of $240.00. Defendant does not object to an award of attorney fees in this amount.

      This Court issued its Memorandum and Order in favor of Plaintiff for an award of benefits. Filing No. 20. Judgment was entered in favor of the Plaintiff, as the Commissioner's findings were not supported by substantial evidence. Filing No. 21. The Commissioner did not appeal the ruling.

      "The EAJA provides for the award of attorney's fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (citing 28 U.S.C. §2412(d)(1)(A)-(2)(B)). Courts called upon to interpret the EAJA should

---

[1] In Plaintiff's motion for attorney fees, the plaintiff requests $4,300.00. Filing No. 25 at 1. However, this amount appears to be in error as the brief in support of the motion, and accompanying table totaling the time worked times EAJA rate, equals and requests $4,320.00. Filing No. 25-1 at 6; Filing No. 25-2 at 1. Therefore, the Court will use $4,320.00 as the requested amount for fees.

1

endeavor to interpret the fee statute in light of its purpose, which is to "eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Astrue v. Ratliff*, 560 U.S. 586, 599 (2010) (Sotomayor, J., concurring) (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)).

A prevailing Social Security claimant may recover fees under the EAJA if the Commissioner's position was not substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). "The burden of establishing 'that the position of the United States was substantially justified' . . . must be shouldered by the Government." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (quoting 28 U.S.C. § 2412(d)(1)(A)). To establish substantial justification, the Commissioner must show that the denial of benefits had "a clearly reasonable basis in law and fact." *Goad*, 398 F.3d at 1025.

A cost of living increase is specifically mentioned in the EAJA as a factor that justifies a fee greater than $125.00 per hour. 28 U.S.C.A. § 2412(d)(2)(A)(ii). Where "an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990); *see* 28 U.S.C. § 2412(d)(2)(A)(ii). The Plaintiff has met this burden. See Filing No. 25-2.

The plaintiff herself, and her attorney, is the "prevailing party" contemplated by the EAJA. *See Astrue*, 560 U.S. at 594. However, if the United States Treasury Department determines that Plaintiff owes no debt that is subject to offset, the government may accept the assignment of the EAJA fees and pay such fees directly to plaintiff's attorney. *Id.* at 597–98. Lower courts, including those in this district, have continued to order payment of awards directly to a plaintiff's attorney, subject to offset for pre-existing debt to the

Federal Government, where a valid assignment of the award of attorney's fees from the plaintiff to plaintiff's counsel is in effect. See *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011); *Shenk v. Berryhill*, No. 8:17CV279, 2-19 WL 2191792, at *3 (D. Neb. May 21, 2019).

The Court finds that the plaintiff has satisfied the prerequisites for an award of allowable fees under the EAJA and her motion should be granted. The Court has already determined that the plaintiff is a "prevailing party" within the meaning of the EAJA. The defendant has not shown that its position was "substantially justified," and there are no special circumstances that would make an award of fees unjust. The Plaintiff states she is worth less than $2,000,000.00. Further, the Court finds that counsel's dedication to the time and hourly rates are reasonable and finds this is a reasonable fee for work of this nature in this community.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion for attorney fees, Filing No. 25, is granted. $4,320.00 in attorney fees is ordered to be paid by the Social Security Administration.

2. The EAJA fee is payable to the plaintiff as the litigation and may be subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States. *Astrue*, 560 U.S. 586.

3. A judgment in accordance with this Memorandum and Order shall issue this date.

Dated this 11th day of December, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

3